**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Belen CASTANEDA–BARRIEN-**
**TOS, Defendant–Appellant.**

**No. 03–51087.**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 6, 2006.*

---

* Withdrawn and published in full at 2006 WL 1210445.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM and DAVIS, Circuit Judges.**

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: ***

This court affirmed the judgment of conviction and sentence of Juan Belen Castaneda–Barrientos. *United States v. Castaneda–Barrientos,* 108 Fed.Appx. 878 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Castaneda–Barrientos v. United States,* 543 U.S. 1113, 125 S.Ct. 1077, 160 L.Ed.2d 1054 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Castaneda argues that his sentence is unconstitutional under *Booker* because the district court imposed his sentence based on a factual finding that his prior conviction for transporting illegal aliens was an alien smuggling offense "for profit." The Government concedes *Booker* error and that the error is not harmless. However, the Government argues the issue was not preserved in the district court in order to be subject to harmless-error review.

A defendant is not required to specifically reference the Sixth Amendment, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to preserve a *Booker* error. *United States v. Olis,* 429 F.3d 540, 543–44 (5th Cir.2005). If a defendant voices repeated objections sufficient to apprise the sentencing court that he is raising a constitutional claim with respect to judicial fact-finding in the sentencing process, the error is preserved. *Id.* Castaneda referenced *Apprendi* and specifically stated that he was challenging the constitutionality of the court's fact-finding regarding his prior conviction for an alien smuggling offense. Thus, the issue is preserved.

Because the Government concedes a Sixth Amendment error in violation of *Booker* that is not harmless, the judgment of conviction is REINSTATED, the sentence is VACATED, and the matter is REMANDED for resentencing.

** This appeal is being decided by a quorum due to the retirement of Judge Pickering. 28 U.S.C. § 46(d).

*** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.